UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KENDALL A. EMMOTT,

      Plaintiff,                         Case No. 3:21-cv-305

vs.

TRICAM INDUSTRIES, INC., *et al.*,       District Judge Michael J. Newman
                                           Magistrate Judge Caroline H. Gentry

      Defendants.

---

**ORDER: (1) DENYING PLAINTIFF'S FED. R. CIV. P. 41(a)(2) MOTION FOR
VOLUNTARY DISMISSAL (Doc. No. 25); (2) DENYING DEFENDANTS' FED. R. CIV.
P. 37(c)(1) MOTION TO EXCLUDE EVIDENCE FROM EXPERTS ON LIABILITY
(Doc. No. 18); (3) DENYING WITHOUT PREJUDICE TO REFILE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Doc. No. 20); (4) REOPENING THE
DISCOVERY PERIOD FOR THE LIMITED PURPOSE OF SUBMITTING EXPERT
REPORTS; (5) REFERRING THIS CASE TO UNITED STATES MAGISTRATE JUDGE
CAROLINE H. GENTRY TO SUPERVISE THE LIMITED DISCOVERY PERIOD
UNTIL AUGUST 28, 2023; AND (6) SETTING A DISPOSITIVE MOTION DEADLINE
FOR SEPTEMBER 27, 2023**

---

This product liability case, removed here on diversity jurisdiction[1] and brought under Ohio

law, is now before the Court on: (1) Defendants Tricam Industries, Inc. ("Tricam") and The Home

Depot's ("Home Depot") Fed. R. Civ. P. 37(c)(1) motion to exclude Plaintiff Kendall A. Emmott's

("Emmott") evidence from his experts on liability (Doc. No. 18); (2) Tricam and Home Depot's

motion for summary judgment (Doc. No. 20); and (3) Emmott's Fed. R. Civ. P. 41(a)(2) motion

(Doc. No. 25), filed in response to Tricam and Home Depot's motions.[2] Thereafter, Tricam and

Home Depot responded in opposition to Emmott's motion, and Emmott replied. Doc. Nos. 27, 28.

---

[1] Diversity jurisdiction existed at the time of removal because: (1) Emmott is an Ohio citizen; (2) Tricam is
a Minnesota citizen; and (3) Home Depot is a Delaware and Georgia citizen. Doc. No. 1 at PageID 34–35.
[2] Tricam and Home Depot filed memoranda supporting their motions separately on the docket. *See* Doc.
Nos. 19, 21.

This matter is now ripe for review.

## I.

This opinion is limited to the facts necessary to deciding the present motions.  Emmott alleges that he bought a ladder from a Home Depot store in Miamisburg, Ohio.  Doc. No. 2 at PageID 23.  He also alleges that he fell off the ladder while using it, so he sued Tricam (the alleged manufacturer) and Home Depot.  *Id.* at PageID 22–25.

The parties entered the discovery process on December 15, 2021.  Doc. No. 6.  Emmott's primary expert witness list was due on August 15, 2022.  *Id.* at PageID 60.  Emmott filed his primary expert witness list and disclosures on that date, identifying "John S. Morse, P.E. or others" as listed experts.  Doc. No. 14 at PageID 85.  Emmott noted that his expert reports as to these witnesses were "to be disclosed after discovery[,]" but he has never submitted a report.  *Id.*  When Tricam and Home Depot disclosed their liability expert on September 14, 2022—along with the requisite report—Emmott neither supplemented his disclosures nor served expert reports rebutting Tricam and Home Depot's expert report.  *See* Doc. No. 19-2.

The discovery period ended on January 15, 2023, leading to Tricam and Home Depot's present motions, which were filed on February 13, 2023.  Doc. No. 22.  Their argument is twofold.  First, because Emmott failed to comply with the deadlines for submitting expert reports, Rule 37(c)(1) excludes any report that he can offer to support his personal injury claim.  Doc. No. 19 at PageID 100.  Second, because Ohio product liability law requires plaintiffs to support their position with expert testimony on design defect claims, Tricam and Home Depot argue they are entitled to summary judgment, as their experts' opinions—that the ladder design was not defective—are unrebutted.[3]  Doc. No. 21 at PageID 125–30.

---

[3] Home Depot also alleges that it cannot be liable because it does not stand in the shoes of a manufacturer in this case.  Doc. No. 21 at PageID 124–25.

Rather than respond to either motion, Emmott filed a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). Doc. No. 25. He claims that he delayed filing the report because Tricam and Home Depot alluded to their interest in settling the case. *Id.* at PageID 238–39. Likewise, according to Emmott, neither defendant will suffer prejudice because any effort they expended in this case can later be easily replicated if the Court dismisses, and Emmott refiles, the case. *Id.* at PageID 239. Tricam and Home Depot contest that characterization, claiming they will be prejudiced because Emmott offered no justification for his delay; never sought an extension; filed his motion after they had filed their motion for summary judgment; and forced them to expend costs and effort needlessly on this case. Doc. No. 27 at PageID 246–47. Emmott claims Tricam and Home Depot were not prejudiced in incurring costs as these were unavoidable (and may be reused in any subsequent litigation) and their summary judgment is limited to the issue of his inability to file an expert report. Doc. No. 28 at PageID 256–57.

## II.

A "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(i). Once a party files a motion for summary judgment, however, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The principal concern of the Court in deciding a motion for voluntary dismissal at this stage is whether granting it would prejudice the defendant. *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019). Exploring prejudice considers "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Bridgeport Music, Inc. v. Universal-MCA*

3

*Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (quoting *Grover*, 33 F.3d at 718) (citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)). But these "factors are not an exclusive or mandatory list." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

Fed. R. Civ. P. 37(c)(1) forbids a party from using a witness or information that he or she failed to provide under Fed. R. Civ. P. 26(a). However, this sanction does not apply if "the failure was substantially justified or is harmless." *Id.* Examining whether an omission or late disclosure is "substantially justified" or "harmless" balances five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

Turning to Defendants' motion for summary judgment, such motions should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot

produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he non-moving party . . . may not rest upon [his or her] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted).

### III.

Although Emmott fails to give an adequate justification for this Court to permit a Rule 41 dismissal, that does not mandate that it must award summary judgment, or exclude Emmott's expert liability reports, upon Tricam and Home Depot's request. Rather, the prudent path forward is to reopen discovery for the limited purpose of allowing Emmott an opportunity to produce expert reports supporting his position. Because determining Ohio product liability claims require such evidence, this Court's interest in hearing the case on the merits will further serve the interests of justice.

Beginning with Emmott's motion for voluntary dismissal, the factors weigh in Tricam and Home Depot's favor. It is not in serious dispute that Tricam and Home Depot spent money on this case, and Emmott's argument—that they could reuse the depositions, reports, and other materials that Tricam and Home Depot spent money on—does nothing to undermine the fact that they incurred expenses, let alone factor the time and energy they spent in litigating this case. *See, e.g.*, *Bridgeport Music*, 583 F.3d at 953 (considering "the defendant's *effort*" in litigating (emphasis added)); *Crozin v. Crown Appraisal Grp.*, No. 2:10-cv-581, 2012 WL 139219, at *2 (S.D. Ohio Jan. 18, 2012) ("[T]he prejudice inquiry under Rule 41(a)(2) is designed to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug

out from under them by voluntarily dismissing the action" (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs.*, 903 F.2d 352, 360 (5th Cir. 1990))).  Emmott's justification—that he sought settlement with Tricam and Home Depot—is neutral because, although the Court appreciates his interest in resolving this litigation, it shall not penalize Tricam and Home Depot for ultimately not going through with settlement.  *Cf. Goss Graphics Sys., Inc. v. DEV Indus., Inc.*, 267 F.3d 624, 627–28 (7th Cir. 2001) (recognizing that district courts should not punish litigants for failing to settle a case).  In any event, Emmott nonetheless missed the discovery deadline and offers no convincing justification for his failure to inform the Court or seek an extension of time. Taken together with Tricam and Home Depot's summary judgment motion—filed before Emmott's voluntary dismissal motion, to which Emmott did not respond—these events demonstrate that Tricam and Home Depot have shown they will suffer prejudice in the Rule 41 context.  Emmott's motion therefore lacks merit.  *See, e.g.*, *Hall v. Sunjoy Indus. Grp., LLC*, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011); *Pearson v. Ford Motor Co.*, No. 1:08-CV-0081, 2010 WL 257069, at *2 (S.D. Ohio Jan. 15, 2010) (agreeing that defendant would suffer legal prejudice if the court granted a voluntary dismissal after defendant followed the discovery schedule and engaged in discovery).

However, prejudice under Rule 41 is not equivalent to prejudice in the Rule 37 context.  It should come as no surprise to Tricam or Home Depot that, in an Ohio product liability lawsuit alleging a design defect, Emmott needs to produce expert reports to support his position.  *See, e.g.*, *Adkins v. Yamaha Motor Corp., USA*, 17 N.E.3d 654, 661 (Ohio Ct. App. 2014) ("[A] plaintiff must present expert testimony when 'the inquiry pertains to a highly technical question of science or art or to a particular professional or mechanical skill'" (quoting *Jones v. Hawkes Hosp. of Mt. Carmel*, 196 N.E.2d 592, 593 (Ohio 1964))).  Moreover, allowing only Emmott the opportunity to

supplement his disclosures with a full report would be too lenient. The Court can easily remedy this by providing Tricam and Home Depot the opportunity to seek to file expert reports in rebuttal to the expert report(s) Emmott chooses to produce. *See, e.g.*, *Durham v. Niffenegger*, No. 1:18-cv-91, 2022 WL 1541586, at *3–5 (S.D. Ohio Apr. 29, 2022) (denying Rule 37 request for sanctions where the Court could remedy the late disclosure of an expert's report by extending the discovery deadlines for all parties, thereby making the late disclosure harmless). Likewise, the record reflects that, even though Emmott did not produce the reports, he identified his experts and alluded to the subject of their testimony by filing his witness disclosures, *see* Doc. No. 14, so this error is "relatively harmless here." *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 783 (6th Cir. 2003).

The better course, to accommodate both sides and to support litigation on the merits, is to allow all parties a chance to submit expert reports—for the first time and in response to the other sides—under a new discovery schedule. Accordingly, the Court shall deny summary judgment and revisit the issue after discovery.

## IV.

For the reasons stated, the Court: (1) **DENIES** Emmott's motion for voluntary dismissal (Doc. No. 25); (2) **DENIES** Tricam and Home Depot's motion to exclude (Doc. No. 18); (3) **DENIES WITHOUT PREJUDICE** to refile at the close of discovery Tricam and Home Depot's motion for summary judgment (Doc. No. 20); and (4) **REOPENS** the discovery period **for 60 days** for the limited purpose of providing expert reports. Both sides shall have that period within which to provide their expert reports to each other. This matter is **REFERRED** to United States Magistrate Judge Caroline H. Gentry to supervise all discovery with the understanding that this

reference will expire on **August 28, 2023**.[4]  Dispositive motions (*i.e.*, summary judgment motions) shall be due **on or before September 27, 2023**.

      **IT IS SO ORDERED.**

     June 27, 2023                            s/Michael J. Newman
                                             Hon. Michael J. Newman
                                             United States District Judge

---

[4] Because the 60-day period ends on a Saturday, the Court will place the deadline on the next available Monday.  *See* Fed. R. Civ. P. 6(a)(1)(C).